NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CESAR IVAN GUERRERO ELIZONDO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-243<br><br>Agency No.<br>A205-053-756<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2024**
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and RAYES, District Judge.***

Cesar Ivan Guerrero Elizondo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) final order of removal, which

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

affirmed without opinion the Immigration Judge's (IJ) denial of Guerrero Elizondo's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here except as necessary for context. "Where, as here, the BIA affirms the decision of the IJ without opinion, we review the IJ's decision as the final agency decision." *Donchev v. Mukasey*, 553 F.3d 1206, 1212 (9th Cir. 2009). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and (a)(2)(D), and we deny the petition.

1. Even assuming Guerrero Elizondo could overcome the IJ's adverse credibility finding, the untimeliness of his asylum application, and the lack of nexus determination, his asylum and withholding of removal claims fail because the IJ determined that he could reasonably relocate to another part of Mexico, and Guerrero Elizondo has not challenged that determination. *See Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020) (explaining that asylum and withholding of removal are unavailable if the applicant could avoid persecution by relocating within the country and it would be reasonable to expect the applicant to do so). Even if he had challenged that determination, it is supported by substantial evidence.

2. Substantial evidence also supports the IJ's finding that Guerrero Elizondo did not establish for purposes of his CAT claim that it is more likely than not that

2                                                                          23-243

he would be subject to torture with the consent, acquiescence, or willful blindness of the Mexican government if removed to Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("[G]eneralized evidence of violence and crime in Mexico is . . . insufficient to meet [the CAT] standard."); 8 C.F.R. § 1208.16(c)(3). Guerrero Elizondo points to no evidence in the record compelling a contrary conclusion.

3. Guerrero Elizondo contends the IJ violated his procedural due process by failing to provide meaningful reasoning and application of facts to the law, diminishing his testimony, skewing the facts of the case, and mischaracterizing the record. We disagree. *See Getachew v. INS*, 25 F.3d 841, 845 (9th Cir. 1994) (holding that due process challenges in deportation proceedings require showing of error and prejudice). Guerrero Elizondo received a meaningful opportunity to be heard, and the IJ provided extensive reasoning in deciding the case. *See Zetino v. Holder*, 622 F.3d 1007, 1014 (9th Cir. 2010) (holding that there was no due process violation because proceedings were not so fundamentally unfair that petitioner was prevented from reasonably presenting his case). Guerrero Elizondo also does not make a clear showing of prejudice. Even if the IJ had given his testimony full credence, substantial evidence supports that Guerrero Elizondo does not qualify for asylum relief, mandatory withholding of removal, or protection under the CAT. *See Jacinto v. INS*, 208 F.3d 725, 728 (9th Cir. 2000) (holding that to prevail on

due process challenge, petitioner must show that violation of his rights likely would have impacted the outcome of the removal proceeding).

**PETITION DENIED.**